UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK COBBIN,** | Case No. 1:05 CV 2809 |
| Plaintiff, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION AND ORDER** |
| **STUART HUDSON,** | |
| Defendant. | |

Before the Court is the Report and Recommendation of Magistrate Judge James S. Gallas ("R&R") (**ECF No. 29**). Magistrate Judge Gallas recommends that the Court deny the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (**ECF No. 1**).

Petitioner Frederick Cobbin was convicted, after a jury trial, of voluntary manslaughter, aggravated burglary, aggravated robbery and kidnapping. He was sentenced to consecutive prison terms of nine years on the manslaughter conviction and four years on each of the remaining convictions, for an aggregate prison term of twenty-one years. Cobbin now contends that he was denied a fair trial when the trial court failed to properly instruct the jury on the credibility of a witness for the prosecution; he was denied the effective assistance of counsel

when counsel failed to request an additional, specific instruction on the credibility of witnesses with prior convictions; he was denied due process when the state failed to meet the burden of proving his guilt beyond a reasonable doubt; and the imposition of consecutive sentences by the trial court contravened clearly established federal law.

Although Cobbin filed his Petition on December 6, 2005, he did not file a memorandum in support of that Petition.  Nor did he file a Traverse after having been granted a 30-day extension of time to file one on September 13, 2006.  *See ECF Nos. 26, 27*.  Nonetheless, the Magistrate Judge reviewed the entire record when he issued the R&R on October 30, 2007. The Court notes that it granted, at Cobbin's request, two extensions of time to file objections to the R&R.  *See ECF Nos. 30; 31 and non-document entries dated 11/13/2007 and 1/11/2008*. Cobbin has now filed an objection, asking for a *de novo* review of this case.  *ECF No. 32*. Because the objection does not address any of the points or recommended rulings in the R&R, it is **OVERRULED**.

However, because the Magistrate Judge's explanation of its recommended ruling with respect to consecutive sentences was somewhat confusing, *see ECF No. 29* at 16-26, the Court writes separately on this claim.

In the fourth ground for relief, Cobbin claims as follows:

> In a recent U.S. Supreme Court decision.  The court stated that any factors that enhances a defendant's sentence beyond the statutory maximum, other than a prior conviction must be decided by a jury. Petitioner did not receive the benefit of this ruling and as such was denied equal protection of the Law.

*ECF No. 1*, at 5 (quoted as written).  The Court liberally interprets this ground as containing two claims.  One, the imposition of consecutive sentences based on judicial fact finding violated

-2-

Cobbin's Sixth Amendment right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004) and *State v. Foster*, 109 Ohio St.3d 1 (2006). Two, Cobbin has been denied the equal protection of the laws because neither *Blakely* nor *Foster* apply to cases on collateral review. Both claims lack merit.

At the time Cobbin was sentenced, Ohio had a statutory presumption in favor of imposing sentences for multiple felony convictions concurrently. *See* 29 O.R.C. § 2929.14 (E)(4). The statute only allowed state court judges to impose consecutive sentences upon making additional factual findings (e.g., a finding that the imposition of consecutive sentences was not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public). *Id.*; *State v. Comer*, 99 Ohio St.3d 463 (2003). In this case, the trial judge imposed consecutive sentences after making the then-required findings.

On direct appeal, Cobbin argued only that the trial court erred when it imposed consecutive sentences without making the appropriate additional findings. It was not until he filed a memorandum of jurisdiction before the Ohio Supreme Court that he argued that the imposition of consecutive sentences based on judicial factfinding violated *Blakely*. In December 2004, the Ohio Supreme Court rejected Cobbin's petition finding that it did not present a substantial constitutional question.

On February 27, 2006, however, the Ohio Supreme Court issued *State v. Foster* wherein the court struck down O.R.C. § 2929.14(E) as unconstitutional under *Blakely* because the statute required the court to make judicial findings, not proven to a jury beyond a reasonable doubt or admitted by the defendant, before the imposition of consecutive sentences. 109 Ohio St.3d at 26. Following the lead of the U.S. Supreme Court in *Booker*, the Ohio Supreme Court

-3-

severed § 2929.14(E)(4), concluding that trial courts had full discretion to impose a prison sentence within the statutory range and were no longer required to make findings or give their reasons for imposing consecutive sentences. *Id*. at 31; *see id*. at 27 (citing *Booker*, 543 U.S. at 259). As in *Booker*, the *Foster* Court held that its ruling must be applied to all cases on direct review or not yet final. *Id*. at 31 (citing *Booker*, 543 U.S. at 268).

At the time Foster was issued, Cobbin's convictions and sentences were long final. Ohio courts have consistently held that *Foster* does not apply retroactively to cases on collateral review. *See, e.g., State v. King*, No. 2-07-24, 2007 WL 4146968 (Ohio App. Ct. 3d Dist. Nov. 26, 2007) (affirming denial of post conviction petition based on *Foster*); *State v. McDowell*, No. 06CA136, 2007 WL 2110932 (Ohio Ct. App. 5th Dist. Jul. 23, 2007) (affirming denial of a Rule 60(b) motion to vacate a void sentence based on *Foster*); *State v. Cochran*, No. 2006 CA 87, 2007 WL 2502751 (Ohio Ct. App. 2d Dist. Aug. 31, 2007) (affirming denial of a motion to withdraw guilty plea, seven years after defendant was sentenced, based on *Foster*).

Furthermore, *Foster* is a state court decision. In order to survive § 2254 review, Cobbin must show that the legal basis for relief was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2254(d)(1); *Winters v. Warden*, No. 1:06CV428, 2007 WL 2733995, at *5 (S.D. Ohio Sept. 13, 2007). The United States Supreme Court has not ruled that the imposition of consecutive sentences, based on judicial factfinding or not, violates the Sixth Amendment; nor has it extended *Apprendi*, *Blakely* or *Booker* to consecutive sentences. A case that might have prompted the Supreme Court to address this question was dismissed because of a threshold procedural problem. *See Burton v. Stewart*, – U.S. –, 127 S.Ct. 793 (2007) (explaining that

-4-

petitioner's failure to obtain order authorizing him to file second petition deprived courts of jurisdiction to hear his claim challenging consecutive sentences).

As a state court decision interpreting federal constitutional law, *Foster* is dependent on *Blakely* in the habeas context. *See Ratliff v. Jefferys*, No. 3:06CV1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007). The Sixth Circuit has made clear, however, that *Blakely* does not apply to cases on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (*Blakely* claims raised in a § 2255 proceeding are now governed by *Booker*, which does not apply retroactively to cases on collateral review); *Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007); *Ratliff v. Jefferys*, No. 3:06CV1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007) (*Blakely* does not apply to § 2254 habeas petitions). Thus, *Blakely* cannot be applied to Cobbin's § 2254 petition.

Although the Sixth Circuit has not directly addressed the question of whether the imposition of consecutive sentences based on judicial fact finding violates *Blakely*, it has issued decisions suggesting that the rule articulated in *Foster* does not apply to cases on collateral review – regardless of *Blakely*. *See, e.g., Minor v. Wilson,* 213 Fed. Appx. 450 (6th Cir. 2007) (holding that appellate counsel's failure to challenge § 2254 petitioner's consecutive sentences on direct appeal was not constitutionally defective assistance of appellate counsel because, among other things, *Foster* is applicable only to cases pending on direct review); *Granger v. Hurt*, 215 Fed. Appx. 485 (6th Cir. 2007) (rejecting § 2254 petitioner's argument that he identified a nonfrivolous ground for appeal based on his consecutive sentences because, at the time the sentence was imposed, receiving such sentences was not a violation of Ohio law and was strictly controlled by statute); *cf. Valentine v. United States,* 488 F.3d 325 (6th Cir. 2007)

(holding that § 2255 petitioners, whose convictions became final after *Apprendi* but prior to *Booker*, could not rely on *Booker's* rule on collateral review).

Finally, although the Ohio Supreme Court has ruled that the imposition of consecutive sentences based on judicial factfinding violates *Blakely*, it is not at all clear that the U.S. Supreme Court would agree. *See, e.g., Wright v. Adams,* No. C 06-113 MHP (pr), 2007 WL 3105079 (N.D. Cal. Oct. 23, 2007) ("The Supreme Court's cases in the *Apprendi* line do not contain any indication that the holdings regarding jury trial rights and proof beyond a reasonable doubt apply to consecutive sentences. In fact, the signals from the Court are that the analysis is done one crime at a time and consecutive sentencing possibilities when multiple convictions for multiple crimes have occurred are irrelevant to the analysis. *See Apprendi*, 530 U.S. at 474, *Blakely*, 542 U.S. at 299 n.2."); *Hong v. Sims*, 2210 Fed. Appx. 455 (7th Cir. 2007) (holding that the Supreme Court has never held that *Apprendi* applies to factual findings used to impose consecutive sentences, and *Blakely* did not apply the *Apprendi* rule to consecutive sentences). Moreover, numerous state courts across the country have taken a position contrary to that of the Ohio Supreme Court with respect to the constitutionality of judicial factfinding in the context of consecutive sentences. *See, e.g., State v. Tanner*, 150 P.3d 31, 34 (Or. 2006) (observing that the vast majority of states having statutes requiring judicial factfinding prior to imposing consecutive sentences have concluded, in the wake of *Apprendi* and *Blakely*, that such sentences do not violate the Sixth Amendment); *id*. at 31(holding that none of the Supreme Court's cases that have followed and elaborated on *Apprendi* contains any discussion regarding whether or how the rule articulated in *Apprendi* applies to limit the aggregate sum of sentences for multiple crimes when the sentence for each individual crime does not exceed the statutory maximum);

*State v. Cubias*, 155 Wash. 2d 549, 553, 120 P.3d 929, 931 (2005) (holding that judicial finding that the defendant's offenses arose from separate and distinct criminal conduct, required to impose consecutive sentences, did not violate *Apprendi* or *Blakely*); *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005) (holding that judicial finding of aggravating factor required to impose consecutive sentences did not violate Sixth Amendment because the consecutive sentences did not exceed statutory maximums for the offenses); *People v. Groves*, 107 Ca. App.4th 1227 (2003) (judicial finding that defendant had a reasonable opportunity to reflect on his actions, required for consecutive sentencing, did not violate *Apprendi* because it did not increase the maximum possible sentence for any offense).

The undersigned recognizes that different Ohio district courts within the Sixth Circuit have variously denied and granted § 2254 petitions based on the Ohio Supreme Court's application of *Blakely* to § 2929.14(E)(4). *Compare Smith v. Jackson*, No. C-1-04-162, 2007 WL 2084835 (S.D. Ohio Jul. 19, 2007) (denying as futile § 2254 petitioner's request to hold his petition in abeyance so that Petitioner can exhaust his *Foster* claim because the *Foster* court said it applied only to cases pending on direct review) *with Perry v. Money*, No. 1:05 CV 2737, 2007 WL 2236634 (N.D. Ohio Jul. 31, 2007) (granting § 2254 petition on basis that the imposition of consecutive sentences by Ohio court based on judicial factfinding violates *Blakely*). None of these decisions are binding on this court, although the court agrees with those federal district courts that have refused to apply *Foster* or *Blakely* collaterally to consecutive sentences imposed by Ohio courts.

Because there is no clearly established Supreme Court authority applying *Apprendi*, *Blakely* or *Booker* to consecutive sentences, this Court concludes that the Ohio

Supreme Court's rejection of this claim in 2004 was not contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

Next, Petitioner argues that he was denied the equal protection of the laws because *Blakely* and *Foster* are applicable only to cases on direct review, not to cases on collateral review. The Court disagrees that this distinction violates the Equal Protection Clause.

"The Equal Protection Clause prohibits states from making distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Wilson v. Morgan*, 477 F.3d 326, 333 (6th Cir. 2007) (internal quotation marks omitted). There is no allegation that the new rules of criminal procedure articulated in *Foster* or the *Apprendi* line of cases burden a fundamental right, or that they target a suspect class. They do, however, differentiate between prisoners on direct review and prisoners on collateral review. There is a rational basis for this distinction. "Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." *Teague v. Lane*, 489 U.S. 288, 310 (1989); *see also Mackey v. United States*, 401 U.S. 667, 691, Harlan J., concurring in part and dissenting in part ("No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation."). Because there is a rational basis for distinguishing between prisoners on direct and collateral review, the Court concludes that the

prohibition against retroactive application of *Foster* and *Blakely* to cases on collateral review does not violate the Equal Protection Clause.[1]

Accordingly, the Court **OVERRULES** Cobbin's objections, **ADOPTS** the Magistrate Judge's recommended ruling, and **DENIES** his Petition.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     February 26, 2008*
**Dan Aaron Polster
United States District Judge**

---

[1] It is also noteworthy that Ohio courts have consistently ruled that the prohibition against application of *Foster* to cases on collateral review does not violate a defendant's due process rights or the *ex post facto* principles contained therein because (1) the sentencing range was the same at the time the defendant committed the crimes as it was when he was sentenced, (2) *Foster* did not judicially increase the range of the defendant's sentence, and (3) *Foster* did not retroactively apply a new statutory maximum to an earlier committed crime nor did it create the possibility of consecutive sentences where none had existed. *See, e.g., State v. Lipscomb,* No. 88831, 2007 WL 3286896, at *6 (Ohio Ct. App. 8th Dist. Nov. 8, 2007) (and cases cited).